484 So.2d 227 (1986)
Ethel Shaiffer TERRAL, Interdict, et al., Plaintiffs-Appellees,
v.
Olan O. POOLE, Defendant-Appellant.
No. 84-1073.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Peters, Hennigan & Walters, Jimmie C. Peters and J. Reed Walters, Jena, for defendant-appellant.
Gaharan & Wilson, Donald R. Wilson, Jena, for plaintiffs-appellees.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This appeal arises out of a suit for damages due to a trespass upon the Terrals' land by Olan Poole.
Ethel Terral, an interdict and the surviving widow of J.B. Terral, and her children, brought suit against Olan Poole, an adjacent property owner, for damages as a result of the placement of debris and 72 feet of sewer line on plaintiffs' property.
The defendant filed a general denial and a plea of one year prescription. The exception was referred to the merits. From a judgment of the trial court overruling the plea of prescription and awarding plaintiffs $1,500.00 damages, the defendant appeals. We affirm.
The issues presented on appeal are:
(1) Whether one year prescription applies; and

*228 (2) If prescription is not applicable, whether the court erred in awarding $1,500.00 damages.

PRESCRIPTION
During the winter of 1981 or 1982 the defendant cleared an area on his property for the purpose of installing a mobile home to be used by his son. In the process of clearing and installing the mobile home, some of the debris from the clearing was pushed over the property line onto the plaintiffs' property. Also, when the septic tank and sewer line was installed, 72 feet of the line was placed upon the plaintiffs' property. The defendant does not dispute the presence of the debris and sewer line on plaintiffs' property. Discussions and negotiations were had between the parties, to no avail. Suit was filed on April 19, 1983. As to the plea of prescription, the trial court correctly disposed of the issue of prescription in its reasons for judgment as follows:
"The trespasses complained of by plaintiff have been continuing ones, the pile of debris and sewer line both remain on plaintiff's property. Under Neyrey v. Louisiana Power & Light Company, 347 So.2d 266 (La.App. 4th Cir.1977) and Wilson v. Hartzman, 373 So.2d 204 (La. App. 4th Cir.1979) the Exception must be overruled."
The defendant contends that he ceased the use of the line for sewerage delivery more than a year before the suit was filed, thus one year prescription applies. This argument lacks merit. The trespass includes the existence of the line on plaintiffs' property whether used by defendant or not. The trial court correctly held that this was a continuous trespass.

QUANTUM
The plaintiffs called Carl Zeagher, a dirt contractor to testify as to the costs of removing the sewerage line, the contaminated rock and refilling the trench. He also estimated the costs of removing the debris that had been moved onto plaintiffs' property by the defendant. Zeagher testified that he viewed the property and discussed the situation with one of the plaintiffs. Along with the assistance of one of his employees, he estimated the cost of the removal work would be approximately $1,400.00. The court awarded $1,500.00 (the plaintiffs had also sought damages for mental anguish). We find no error in the trial court's award.
The defendant's contention, that Zeagher's credibility is subject to question since an employee performed some of the calculations, lacks merit. Zeagher stated that he contracted dirt work. He was the owner of a back-hoe and dump truck. He viewed the property in question. His judgment entered into the estimate along with that of his employee. We find no error in this procedure.
For these reasons, the judgment of the trial court is affirmed. Appellant, Olan O. Poole, shall pay costs of this appeal.
AFFIRMED.