543 So.2d 560 (1989)
William J. DORÉ
v.
JEFFERSON GUARANTY BANK, et al.
No. 88-CA-1799.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
*561 Mark B. Meyers, T.A., S. Ault Hootsell, III, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiff-appellee.
David L. Colvin, Gretna, for defendants-appellants.
Before CIACCIO, WARD and PLOTKIN, JJ.
WARD, Judge.
Ocean Salvage Corporation (OSC) appeals the Trial Court's judgment granting a preliminary injunction in favor of Pipelines, Incorporated (Pipelines). We affirm the ruling of the Trial Court.
Pipelines leased from William J. Doré a tract of waterfront property with docking facilities on the Harvey Canal for eight years. Suit was originally filed in the name of the owner and lessor of the property, William J. Doré, on February 24, 1988; however, Pipelines was substituted as the proper party plaintiff on May 13, 1988. Adjacent to Pipelines' leased premises is a similar tract owned by Jefferson Guaranty Bank, leased by OSC and Doug Adams for use as a salvage, docking and storage facility. Of the three parties defendant, OSC alone appeals the lower court ruling.
Pipelines sued Jefferson Guaranty Bank, OSC and Adams to compel OSC's removal of debris and other material it placed on Pipelines' premises and to enjoin OSC's trespass.
Testifying at the preliminary injunction hearing, James J. Doré, president of Pipelines, established an ongoing series of OSC's intrusions. Doré chronicled eight instances of OSC's trespasses from May 1986 through June 1988 during which time OSC placed scrap iron, storage tanks, oilfield equipment, drilling pipe, sheet metal, and assorted other refuse on Pipelines premises. Doré recounted instances when OSC entered onto Pipelines' premises for removal of these items, often through use of cranes and heavy industrial equipment, which interfered with Pipelines' ongoing business operations and created a danger to its employees and business invitees. Pipelines complained to Doug Adams of OSC about the situation on several occasions and twice enlisted the aid of the Plaquemines Parish Police Department to stop the intrusions.
Based upon Doré's uncontroverted testimony, the Trial Court granted Pipelines' request for a preliminary injunction prohibiting OSC's entrance or other unlawful encroachment onto Pipelines' premises or use of its wharf area. The Court further ordered OSC, Adams and Jefferson Guaranty Bank to remove from Pipelines' premises "all movables and accompanying trash and debris ... illegally placed thereon by or at the direction of [OSC, Adams or Jefferson Guaranty Bank]".
C.C.P. Art. 3663 provides injunctive relief in a suit brought to enjoin trespassers and other disturbers, even though the action is neither possessory nor petitory. Official Revision Comments to C.C.P. Art. 3663. Unlike most injunctive relief, Art. 3663 requires no showing of irreparable harm by the plaintiff, but does mandate proof of possession for one year prior to disturbance, and suit must be brought within one year of the disturbance. David v. Dixie Rice Agricultural Corporation, 379 So.2d 62 (La.App. 3rd Cir.1979); writ denied 382 So.2d 166 (1980); Parkway Development Corporation v. City of Shreveport, 330 So.2d 646 (La.App. 2nd Cir.1976) affirmed 342 So.2d 151 (1977). A lessee's remedy for trespass to property is injunctive relief under C.C.P. arts. 3601 and 3663. Manzanares v. Meche, 506 So.2d 957 (La.App. 3rd Cir.1987); writ denied 508 So.2d 822 (1987).
OSC's first of three assignments of error charges the Trial Court erred in granting injunctive relief under C.C.P. Art. 3663 on a suit filed more than one year after OSC's first disturbance of Pipelines' *562 possession. OSC does not question the existence or duration of Pipelines' possessory interest under C.C.P. Art. 3663 or the Trial Court's factual finding that OSC did trespass but rather maintains that Pipeline failed to timely institute suit. Citing Parkway Development Corp., supra, OSC argues that because Pipelines alleges OSC's trespass began in October 1986, Pipelines' suit filed in February 1988, more than one year after the disturbance, was barred by the prescriptive limitations of C.C. Art. 3492.
OSC's trespass was ongoing from May 1986 with transgressions in June and December 1987 and January, April, May and June 1988. Pipelines' cause of action was not barred by prescription because OSC's litter constituted a continuing trespass which does not prescribe until all debris is removed. Terral v. Poole, 484 So.2d 227 (La.App. 3rd Cir.1986).
OSC's second assignment maintains that a preliminary injunction can only be prohibitive and therefore, the Trial Court's ordering the removal of the movables and debris on Pipelines' premises was error. This assignment lacks merit.
Injunctions may compel, as well as constrain, a party's actions. Baton Rouge Bldg. Trades Council v. T.L. James & Co., 201 La. 749, 10 So.2d 606 (1942). Gamburg v. City of Alexandria, 85 So.2d 276 (La. App.2d Cir.1956); Harris v. Pierce, 73 So. 2d 330 (La.App.Orl.Cir.1954).
OSC relies on the decision of our Supreme Court in Verdun v. Scallon Brothers Contractors, Inc., 263 La. 1073, 270 So.2d 512 (1972), wherein the Court said that an "Injunction may be used to prevent but not to correct a wrong; it cannot be used to redress an alleged consumated wrong or undo what has already been done." 270 So.2d at 513. In Verdun, the Supreme Court did not decide the merits of the request for injunctive relief, because the Trial Court, after issuing the injunction, granted a suspensive appeal. While the appeal was pending the defendants removed the soil from the levee, the very action the plaintiffs had sought to enjoin, and the petition for an injunction was moot.
In this case Pipelines seeks an injunction to prevent a wronga continuing trespass by OSC. An injunction that prohibits a continuing trespass brought about by the placing of movables on another's property will always require some action to remove the property to stop the trespass. Nonetheless, the injunction is proper; it prohibits the trespass, it prevents a wrong.
The issuance of mandatory injunctive relief at a preliminary injunction hearing, wherein all parties have notice that such relief has been prayed for and afforded an opportunity to present their case, is proper. Kliebert Educational Trust v. Watson Marine Services, Inc., 454 So.2d 855 (La.App. 5th Cir.1984).
The record shows OSC was served with notice of the preliminary injunction hearing. The notice unequivocally informed OSC of Pipelines request for mandatory injunctive relief requiring removal of the debris from Pipelines premises. The court conducted an evidentiary hearing at which all parties were present, represented by counsel and were afforded the opportunity to present evidence and cross examine witnesses.
OSC's final argument complains that the judgment granting the preliminary injunction is defective because it "expanded the prayer for relief," because it ordered removal of debris and threatened contempt proceedings in the event of disobeyance of this order. This argument is meritless.
Pipelines requested, in both the body and prayer of the pleading, that the Court enjoin OSC's trespass as well as order it to remove from Pipeline's premises the movables it illegally placed thereon. The judgment tracks the language of Pipelines petition for injunctive relief.
Whether or not expressly stated, disobeyance of an injunction is punishable by contempt of court. C.C.P. art. 3611. The inclusion of this language adds nothing to the force of the judgment. Finding no error by the Trial Court, we affirm the *563 Judgment. All costs of this appeal are assessed to OSC.
AFFIRMED.