791 So.2d 741 (2001)
The ESTATE OF Gaston PATOUT and Roy Patout
v.
The CITY OF NEW IBERIA, et al.
No. 2001-0151-CA.
Court of Appeal of Louisiana, Third Circuit.
June 27, 2001.
*742 Porteus Richard Burke, Burke & Cestia, New Iberia, LA, Counsel for Plaintiffs/Appellants: Squirrel Run Investment Group, The Estate of Gaston Patout, Roy Patout.
C. Berwick Duval, II, Attorney at Law, Houma, LA, Counsel for Defendants/Appellees United Community Insurance Company.
Charles J. Foret, Briney & Foret, Lafayette, LA, Counsel for Defendants/Appellees City of New Iberia.
Ralph Shelton Hubbard, III, Attorney at Law, New Orleans, LA, Counsel for Defendants/Appellees Travelers Indemnity Company, Rhode Island, Travelers Insurance Company.
H. Lee Leonard, Leonard & Leonard, Lafayette, LA, Counsel for Defendants/Appellees Twin City Fire Insurance Co. (Hartford).
James R. Sutterfield, Attorney at Law, New Orleans, LA, Counsel for Defendants/Appellees Insurers Indemnity & Insurance.
Gary Mark Zwain, Duplass, Zwain & Buirgeios, Metairie, LA, Counsel for Defendants/Appellees *743 Continental Insurance Company.
Martin Edward Golden, Kantrow, Spaht, Weaver, et al., Baton Rouge, LA, S. Dwight Stephens, Melito & Adoflsen, PC, New York, NY, Counsel for Defendants/Appellees Twin City Fire Insurance Company.
Samuel Milton Rosamond, III, Attorney at Law, Metairie, LA, Counsel for Defendants/Appellees Commercial Union Insurance Co.
James Michael Garner, Sher, Garner, Cahill, etc., New Orleans, LA, Keith Alex Kornman, Attorney at Law, New Orleans, LA, Martha Curtis, Attorney at Law, New Orleans, LA, Counsel for Defendants/Appellees Century Indemnity Company & PEIC.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and JIMMIE C. PETERS, Judges.
PETERS, Judge.
This litigation began on January 28, 1992, with the filing of a suit by Roy Patout and Rose G. Patout, as the Executrix of the Succession of Gaston Patout, to recover damages to their immovable property in Iberia Parish, Louisiana. Rose G. Patout later joined the litigation in her individual capacity, as did Adrienne Patout Smith, Lloyd David Patout, Thomas Raymond Patout, and Joseph Paul Patout ("the Patouts"). All of the plaintiffs except Roy Patout claimed an interest in the Gaston Patout Estate. Roy Patout claimed damages to his own property. The original plaintiffs initially named the City of New Iberia, Louisiana ("City"), as the sole defendant, asserting that the City damaged their property through the operation of its sanitary landfill located adjacent to their land. On November 11, 1993, Squirrel Run Investment Group, Inc. ("Squirrel Run") filed a similar suit against the City. Amending pleadings in each suit later joined a number of the City's liability insurers as defendants. The trial court consolidated the two suits by an order signed October 11, 1995.
The litigation is before us for a second time on the same issue. The first appeal arose from an October 28, 1996 judgment wherein the trial court rejected in part and granted in part peremptory exceptions of prescription filed by the City and some of its insurers. The Patouts and Squirrel Run appealed the partial grant of the exceptions which had the effect of dismissing all their claims for damages arising after February 23, 1981. We considered that appeal in Estate of Patout v. City of New Iberia, 97-1097 (La.App. 3 Cir. 3/6/98); 708 So.2d 526, and, in that appeal, summarized the factual basis of the litigation as follows:
The material facts which concern this court are not in dispute. The plaintiffs, the heirs of Gaston Patout and the Squirrel Run Investment Group, Inc., are landowners in Iberia Parish who brought this action against the City of New Iberia for trespassing on their land over a long period of time. The trespass involves large amounts of waste material which city employees failed to confine to a tract of land leased by the City for the purpose of operating a landfill. Due to improper operation of the landfill, garbage was pushed well beyond the leased premisses onto several acres of the plaintiffs' land. On several occasions, the City has acknowledged its wrongful conduct and stated that the encroaching waste material would be removed. One such acknowledgment took place in February 1982 in the form of a document entitled "Memorandum of Agreement," wherein the Mayor of New Iberia and the adjacent property owners *744 agreed to certain corrective measures which would be taken by the City. At present, the garbage dumped upon the plaintiffs' property has yet to be removed.
Plaintiffs filed suit against the City of New Iberia and its insurers seeking general damages for mental anguish and other claims of injury to the person, as well as special or property damages related to diminution in value to their immovable property, cost of restoration and remediation. Squirrel Run seeks abatement or injunctive relief against the City of New Iberia for the continuing trespass on its immovable property.
Each defendant filed a peremptory exception of prescription wherein they alleged that, pursuant to La.R.S. 9:5624, claims alleging damage to private property as a consequence of public works prescribe two years from the date damages are sustained. Defendants claim that damages were sustained at the commencement of the trespass, which occurred in the early 1970's.
The trial court, however, ruled that La.R.S. 9:5624 did not apply to the plaintiffs' claims since their alleged damages were not a necessary consequence of the landfill operations. Instead, the trial court ruled that La.Civ.Code art. 3492 and 3493 applied. Under these articles, such claims prescribe within one year of the date plaintiffs become aware of damage to their property. The trial court also ruled that, due to the 1982 "Memorandum of Agreement" between the City and the plaintiffs, the city renounced prescription and that these and other actions on behalf of the City lulled the plaintiffs into inaction.
Nevertheless, the trial court ruled that any of the plaintiffs' claims arising after February 23, 1981, had prescribed, and that claims arising before that date had been renounced by the City by virtue of the February 24, 1982, "Memorandum of Agreement," and thus had not prescribed.
Id. at 527-28. (footnotes omitted).
Thus, in the first appeal this court was called upon to determine the appropriate liberative prescription period to be applied to those claims arising after February 23, 1981, and whether those claims had prescribed. This court agreed with the trial court that the post-February 23, 1981 claims were subject to the one-year liberative prescriptive period of La.Civ.Code arts. 3492 and 3493. However, in applying those Articles to the facts presented, this court reversed the trial court's judgment, concluding that the claims had not prescribed. In reaching that conclusion, this court stated:
Ordinarily, an action for damages to immovable property is subject to a one year liberative prescription, and "prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." La.Civ.Code arts. 3492, 3493. However, "[w]hen the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated." South Central Bell Telephone Co. v. Texaco, Inc. 418 So.2d 531, 533 (La.1982).
This position is further buttressed by the following analysis by Prosser and Keaton on torts:
The ordinary trespass is complete when it is committed; the cause of action accrues, and the statute of limitations begins to run at that time, although the consequences may be a permanent injury to the land. But in many cases, as where the defendant erects a structure or dumps rubbish on the land of the plaintiff, the invasion *745 is continued by a failure to remove it. In such a case, there is a continuing wrong so long as the offending object remains. (emphasis added.)
W. Page Keaton Et Al., Prosser and Keaton on the Law of Torts, § 13, at 83 (5th ed. 1984).
In the case before us, it is undisputed that the rubbish deposited on the property of the plaintiffs has yet to be removed. Appellees improperly contend that since the landfill stopped receiving waste in October of 1989, the City's tortious conduct ended at least three years before the plaintiffs filed suit in 1992 and 1993. The rule set forth in South Central Bell clearly applies to the City's conduct of allowing the trash to remain. Our courts have held that debris or other objects placed on another's property constitutes a continuing trespass and prescription does not apply until the offending acts are abated. See Dore v. Jefferson Guar. Bank, 543 So.2d 560 (La.App. 4 Cir.1989); Terral v. Poole, 484 So.2d 227 (La.App. 3 Cir.1986).
Id. at 531.
The defendants sought and received review by the supreme court. Estate of Patout v. City of New Iberia, 98-0961 (La.7/7/99); 738 So.2d 544. However, in doing so, the defendants only sought review of the determination by the trial court and this court that the applicable liberative prescriptive period was one year. They did not seek review of this court's conclusion that the continued presence of the garbage on the plaintiffs' land constituted a continuous interruption of prescription. The supreme court recognized the defendants' failure to seek review of this portion of the judgment when it summarized the issues before it:
The defendant City of New Iberia and its insurers sought writs in this Court, urging two assignments of error. First, defendants argue that the lower courts erred in finding R.S. 9:5624 inapplicable to plaintiffs' claims. Secondly, and in the alternative, defendants contend that, because the City's conduct constitutes an appropriation, not a tort, plaintiffs' claims are governed by the three year prescriptive period for takings found in R.S. 13:5111, which period is unaffected by any continuing trespass. They have not assigned as error, nor presented argument in opposition to the court of appeal's final conclusion that plaintiffs' lawsuits, if governed by the general one year prescriptive period, are viable because the presence of the misplaced trash constitutes a continuing tort. We granted writs to consider the issues that were raised by the defendantsnamely, whether the lower courts erred in finding R.S. 9:5624 inapplicable to plaintiffs' lawsuits, and whether, alternatively, these lawsuits are governed by the three year prescription of R.S. 13:5111.
Id. at 548. (emphasis added).
The supreme court rejected both assignments of error, concluding that "neither R.S. 9:5624 nor R.S. 13:5111 are applicable to plaintiffs' actions" and that "this case is governed by the general delictual prescriptive period found in La. C.C. art. 3492." Id. at 555. In remanding the matter to the trial court, the supreme court again recognized the defendants' failure to seek full review of this court's opinion.
Because this resolution has settled the question that prompted our granting this writ and has disposed of both assignments of error raised by defendants in their writ application and brief preceding oral argument, we decline to address other issues discussed and resolved in the court of appeal opinion. Entergy Gulf States, Inc. v. Louisiana Public Service Commission, 98-CA-0881, *746 p. 27, n. 26 (La.1/20/99), 726 So.2d 870, 887. Being in accord with the court of appeal's conclusion that the one year prescriptive period contained in La. C.C. art. 3492 governs plaintiffs' lawsuits and that R.S. 9:5624 is not applicable in this case, and likewise deeming R.S. 13:5111 to be inapplicable, we affirm the opinion and judgment of the court of appeal.
Id. at 555-56. (emphasis added).
On remand, the City and insurers filed new exceptions of prescription, again contending that all of the plaintiffs' claims had prescribed. The defendants presented no additional evidence at the hearing on the exceptions, and the trial court had only the prior evidentiary record before it. Relying on the supreme court's decision in Crump v. Sabine River Auth., 98-2326 (La.6/29/99); 737 So.2d 720, the trial court entered judgment for the second time, concluding that those claims arising after February 24, 1981,[1] had prescribed but that those arising previous to that date had not. On March 9, 2000, the trial court signed a judgment to that effect. Those released from liability from all property damages occurring after February 24, 1981, were the City of New Iberia, Century Indemnity Company, The Travelers Insurance Company, The Travelers Indemnity Company, The Travelers Indemnity Company of Rhode Island, and Twin City Fire Insurance Company. By separate appeals the Patouts and Squirrel Run have sought review of that part of the judgment granting the exceptions of prescription. For the following reasons, we again reverse the trial court judgment and remand the matter for further proceedings consistent with this opinion.

OPINION
The supreme court rendered its decision in Crump, 737 So.2d 720, only eight days before its decision in this case. In Crump, the plaintiff sought to recover damages she claimed to have sustained due to the construction of a canal. She filed suit some twenty years after she acquired knowledge of the existence of the canal. The trial court concluded that the canal's existence constituted a continuous tort, and, therefore, prescription on the plaintiff's claim had not run. A divided panel of this court agreed. Crump v. Sabine River Auth., 97-1572 (La.App. 3 Cir. 7/29/98); 715 So.2d 762. However, the supreme court concluded that the "operating cause of the [plaintiff's] injury was the digging of the canal," and, although the canal continued to exist at the time suit was filed, the plaintiff's cause of action arose at the time the canal was dug. Crump, 737 So.2d at 722. Reaching that conclusion, the supreme court reversed the judgment rendered in favor of the plaintiff. The defendants argued, and the trial court agreed, that the cause of the damages to the Patouts and Squirrel Run was the initial deposit of the garbage on their property, and not its continued presence. They suggest that Chief Justice Calogero, who authored both the Crump decision as well as the first decision in this case, reserved this issue for a later date when he declined to consider any issues other than those raised by the defendant's assignments of error. They further suggest that the trial court was within its authority in concluding this court's prior decision was in error because a party may raise a peremptory exception of prescription at any stage of the proceedings prior to the submission of the case for a decision and even after it has been denied. See G.B.F. v. Keys, 29,006 (La. *747 App. 2 Cir. 1/22/97); 687 So.2d 632, writ denied, 97-0385 (La.3/21/97); 691 So.2d 94.
The Patouts and Squirrel Run assert in their first assignment of error that, regardless of the trial court's interpretation of the decision in Crump, it erred in attempting to reinstate its prior judgment after its reversal by the appellate court under the "law of the case" doctrine.
The "law of the case" doctrine applies to prior rulings of the appellate court and/or supreme court in the same case. It applies to parties who were involved in the litigation at the time of the prior ruling and had their day in court. The doctrine provides that "an appellate court ordinarily will not reconsider its own rulings of law in the same case." Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1 Cir.), writs denied, 605 So.2d 1099, 1100 (La.1992). The purposes of the doctrine are to avoid litigating the same issue again, promote consistency of result within the case, promote essential fairness to the parties, and judicial efficiency. Cree Oil Co. v. Home Ins. Co., 94-1219 (La.App. 3 Cir. 3/8/95); 653 So.2d 620, writ denied, 95-1554 (La.9/29/95); 660 So.2d 875. The "law of the case" is discretionary, being inapplicable to cases in which the prior decision was palpably erroneous or its application would result in manifest injustice. Willett v. Premier Bank, 97-187 (La.App. 3 Cir. 6/4/97); 696 So.2d 196.
Griggs v. Riverland Medical Center, 98-256 (La.App. 3 Cir. 10/14/98); 722 So.2d 15, 19, writ denied, 99-0385 (La.5/28/99); 735 So.2d 622.
The defendants assert that the law of the case doctrine should not be applied in this matter because of its right to raise a peremptory exception of prescription more than once. We agree that a peremptory exception "may be pleaded at any stage of the proceedings in the trial court prior to a submission of the case for a decision," and may also be raised after once being denied. La.Code Civ.P. art. 928; Teachers' Retirement Sys. of La. v. Louisiana State Employees' Retirement Sys., 456 So.2d 594 (La.1984). However, we find that G.B.F., 687 So.2d 632, is distinguishable from the case before us. In G.B.F., the trial court rejected the first peremptory exception of prescription but later sustained a second prescription exception on different grounds. The second circuit affirmed the trial court's judgment, holding that the earlier judgment overruling the exception of prescription did not have res judicata force because it was not a "final" judgment. Id. In the matter before us, the trial court initially maintained the exceptions of prescription. Unlike a judgment rejecting a prescription exception, "[a] judgment maintaining an exception of prescription and dismissing a cause of action is final. A final judgment is an appealable judgment. Even if only a portion of a case was dismissed by that exception, the judgment sustaining the exception of prescription is still a `final appealable judgment.'" Phillips v. Patterson Ins. Co., 98-1849, p. 3 (La.App. 3 Cir. 5/19/99); 734 So.2d 1285, 1286, writ denied, 99-1826 (La.10/8/99); 750 So.2d 978, (citing Walle Corp. v. Hibernia Nat. Bank, 96-803 (La.App. 5 Cir. 3/25/97); 692 So.2d 1238). (emphasis added).
Thus, the judgment rendered by the trial court which gave rise to the first appeal was a final judgment. This court reviewed that final judgment and concluded that the trial court was correct in applying the one-year prescriptive period, but erred in concluding that the post-February 1981 claims had prescribed. For whatever reason, the defendants chose not to seek review of the second part of this court's decision concerning *748 the interruption of prescription. We conclude that the decision is final, should be considered the law of the case, and should not be disturbed.
Because we find merit in the first assignment of error filed by the Patouts and Squirrel Run, we need not consider the remaining assignments of error.

DISPOSITION
We reverse the trial court's judgment granting the exceptions of prescription as to claims arising after February 23, 1981, and remand this matter for further proceedings consistent with this opinion. We tax all costs against the defendants.
REVERSED AND REMANDED.
NOTES
[1] The October 28, 1996 judgment refers to claims arising after February 23, 1981, while the judgment currently before this court relates to claims arising after February 24, 1981. The one-day discrepancy does not affect the disposition of this appeal.