813 So.2d 1248 (2002)
The ESTATE OF Gaston PATOUT and Roy Patout
v.
The CITY OF NEW IBERIA, et al.
No. 01-0151-CA.
Court of Appeal of Louisiana, Third Circuit.
April 3, 2002.
*1249 Porteus Richard Burke, Burke & Cestia, New Iberia, Counsel for Plaintiffs/Appellants Squirrel Run Investment Group The Estate of Gaston Patout Roy Patout.
C. Berwick Duval, II, Attorney at Law, Houma, Counsel for Defendant/Appellee United Community Insurance Company.
Charles J. Foret, Briney & Foret, Lafayette, Counsel for Defendant/Appellee City of New Iberia.
Ralph Shelton Hubbard, III, Attorney at Law, New Orleans, Counsel for Defendants/Appellees Travelers Indemnity Company, Rhode Island Travelers Insurance Company.
H. Lee Leonard, Leonard & Leonard, Lafayette, Counsel for Defendants/Appellees Twin City Fire Insurance Co. (Hartford).
James R. Sutterfield, Attorney at Law, New Orleans, Counsel for Defendant/Appellee Insurers Indemnity & Insurance.
Gary Mark Zwain, Duplass, Zwain & Buirgeios, Metairie, Counsel for Defendant/Appellee Continental Insurance Company.
Martin Edward Golden, Kantrow, Spaht, Weaver, et al., Baton Rouge, S. Dwight Stephens, Melito & Adoflsen, PC, New York, NY, Counsel for Defendant/Appellee Twin City Fire Insurance Company.
Samuel Milton Rosamond, III, Attorney at Law, Metairie, Counsel for Defendant/Appellee Commercial Union Insurance Co.
James Michael Garner, Sher, Garner, Cahill, etc., New Orleans, Keith Alex Kornman, Attorney at Law, New Orleans, Martha Curtis, Attorney at Law, New Orleans, Counsel for Defendants/Appellees Century Indemnity Company & PEIC.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and JIMMIE C. PETERS, Judges.
PETERS, Judge.
This matter is before us on remand from the supreme court. We address the prescription issue for the third time, and, again, we reverse the trial court's judgment granting the defendants' exceptions.
The litigation involves an attempt by Iberia Parish landowners to recover damages from the City of New Iberia (City) for trespass on their immovable property over an extended period of time. This suit was filed on January 28, 1992, and involves a group of plaintiffs to which we have referred in the past opinions as the "Patout" plaintiffs.[1] Squirrel Run Investment Group, Inc. ("Squirrel Run") filed a similar suit against the City on November 11, 1993. The trial court consolidated the two suits by an order signed October 11, 1995.
The pertinent facts are not in dispute. The City operated a landfill on immovable property adjacent to the plaintiffs' land from the early 1970's through October of 1989, and, during the years of operation, the City pushed garbage beyond the borders of its property and onto the plaintiffs' land. On numerous occasions, the City acknowledged its wrongful conduct and informed the landowners that the garbage would be removed. In fact, in February of 1982, the City's mayor executed a document entitled "Memorandum of Agreement" whereby he agreed, on behalf of the City, that certain corrective measures would be taken to clean up the adjacent *1250 property. However, the City failed to honor this agreement.

First Appeal
By a judgment dated October 28, 1996, the trial court rejected in part and granted in part peremptory exceptions of prescription filed by the City and some of its insurers. The judgment had the effect of dismissing all of the plaintiffs' claims for damages arising after February 23, 1981, and gave rise to their first appeal. This court summarized the trial court's judgment as follows:
Each defendant filed a peremptory exception of prescription wherein they alleged that, pursuant to La.R.S. 9:5624, claims alleging damage to private property as a consequence of public works prescribe two years from the date damages are sustained. Defendants claim that damages were sustained at the commencement of the trespass, which occurred in the early 1970's.
The trial court, however, ruled that La.R.S. 9:5624 did not apply to the plaintiffs' claims since their alleged damages were not a necessary consequence of the landfill operations. Instead, the trial court ruled that La.Civ.Code art. 3492 and 3493 applied. Under these articles, such claims prescribe within one year of the date plaintiffs become aware of damage to their property. The trial court also ruled that, due to the 1982 "Memorandum of Agreement" between the City and the plaintiffs, the [C]ity renounced prescription and that these and other actions on behalf of the City lulled the plaintiffs into inaction.
Nevertheless, the trial court ruled that any of the plaintiffs' claims arising after February 23, 1981, had prescribed, and that claims arising before that date had been renounced by the City by virtue of the February 24, 1982, "Memorandum of Agreement," and thus had not prescribed.
Estate of Patout v. City of New Iberia, 97-1097 (La.App. 3 Cir. 3/6/98), 708 So.2d 526, 528 (footnote omitted).
This court determined that the trial court was correct in determining that the post-February 23, 1981 claims were subject to the one-year liberative prescriptive period of La.Civ.Code arts. 3492 and 3493. Id. at 531. However, this court further concluded that the continued presence of the garbage on the plaintiffs' property constituted a continuing trespass and that prescription would not begin to run until the garbage was removed. Id. In reaching this conclusion, the court stated:
Ordinarily, an action for damages to immovable property is subject to a one year liberative prescription, and "prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." La.Civ.Code arts. 3492, 3493. However, "[w]hen the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated." South Central Bell Telephone Co. v. Texaco, Inc.[,] 418 So.2d 531, 533 (La.1982).
This position is further buttressed by the following analysis by Prosser and Keaton on torts:
The ordinary trespass is complete when it is committed; the cause of action accrues, and the statute of limitations begins to run at that time, although the consequences may be a permanent injury to the land. But in many cases, as where the defendant erects a structure or dumps rubbish on the land of the plaintiff, the invasion is continued by a failure to remove it. In such a case, there is a continuing wrong so long as the offending object remains. (emphasis added.)

*1251 W. Page Keaton Et Al., Prosser and Keaton on the Law of Torts, § 13, at 83 (5th ed. 1984).
Id. at 531.

Supreme Court Review of First Appeal
In their request for review by the supreme court, the City and its insurers sought only review of whether the prescriptive provisions of La.R.S. 9:5624 or La.R.S. 13:5111 were applicable. See Estate of Patout v. City of New Iberia, 98-0961 (La.7/7/99), 738 So.2d 544. The supreme court rejected these assignments of error, concluding that "this case is governed by the general delictual prescriptive period found in La. C.C. art. 3492." Id. at 555. In addressing the issue not raised, the supreme court stated:
Because this resolution has settled the question that prompted our granting this writ and has disposed of both assignments of error raised by defendants in their writ application and brief preceding oral argument, we decline to address other issues discussed and resolved in the court of appeal opinion. Entergy Gulf States, Inc. v. Louisiana Public Service Commission, 98-CA-0881, p. 27, n. 26 (La.1/20/99), 726 So.2d 870, 887. Being in accord with the court of appeal's conclusion that the one year prescriptive period contained in La. C.C. art. 3492 governs plaintiffs' lawsuits and that R.S. 9:5624 is not applicable in this case, and likewise deeming R.S. 13:5111 to be inapplicable, we affirm the opinion and judgment of the court of appeal.

Id. at 555-56 (emphasis added).

Second Appeal
After remand, the trial court entered judgment on the defendants' new exceptions of prescription, again concluding that those claims arising after February 24, 1981,[2] had prescribed but that those arising prior to that date had not. This judgment gave rise to another appeal. This court again reversed the trial court and remanded the matter for further proceedings. Estate of Patout v. City of New Iberia, 01-0151 (La.App. 3 Cir. 6/27/01), 791 So.2d 741. In doing so, we found that the first judgment on exceptions granted by the trial court was a final judgment and should be considered the law of the case.

Supreme Court Review of Second Appeal
The supreme court remanded these consolidated matters to this court, instructing us to reconsider the defendants' prescription exceptions in light of its decision in Crump v. Sabine River Authority, 98-2326 (La.6/29/99), 737 So.2d 720. Estate of Patout v. City of New Iberia, 01-2211, 01-2219 (La.12/14/01), 803 So.2d 978, 979.

Opinion on Remand
In the second appeal, we considered Crump, and stated the following:
The supreme court rendered its decision in Crump, 737 So.2d 720, only eight days before its decision in this case. In Crump, the plaintiff sought to recover damages she claimed to have sustained due to the construction of a canal. She filed suit some twenty years after she acquired knowledge of the existence of the canal. The trial court concluded that the canal's existence constituted a continuous tort, and, therefore, prescription on the plaintiffs claim had not run. A divided panel of this court agreed. Crump v. Sabine River Auth., 97-1572 (La.App. 3 Cir. 7/29/98); 715 So.2d 762. *1252 However, the supreme court concluded that the "operating cause of the [plaintiffs] injury was the digging of the canal," and, although the canal continued to exist at the time suit was filed, the plaintiffs cause of action arose at the time the canal was dug. Crump, 737 So.2d at 722. Reaching that conclusion, the supreme court reversed the judgment rendered in favor of the plaintiff.
Estate of Patout, 791 So.2d at 746.
However, because we chose to dispose of the appeal based on the law of the case doctrine, we did not consider whether the holding in Crump was applicable to the prescription issue.
We have now considered the Crump decision and find it distinguishable from the matter currently before us. The plaintiff in Crump sought damages associated with the digging of a canal that caused her property to be denied access to Toledo Bend Lake. The dredging activity that caused her property to lose direct access to the lake occurred sometime during the 1970's. She filed suit in 1992. In considering whether Ms. Crump's damage constituted a continuing tort, the supreme court stated the following:
[T]he theory of continuing tort has its roots in property damage cases and requires that the operating cause of the injury be a continuous one which results in continuous damages. Bustamento v. Tucker, 607 So.2d 532, 543 n. 8 (La. 1992); South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531, 533 (La. 1982). Professor Yiannopoulos, in his treatise on Louisiana predial servitudes clarified this requirement as it relates to prescription as follows:
[A] distinction is made between continuous and discontinuous causes of injury and resulting damage. When the operating cause of the injury is `not a continuous one of daily occurrence', there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the action is barred upon the lapse of one year from the date in which the plaintiff acquired, or should have acquired, knowledge of the damage .... [This is to be distinguished from the situation where] the `operating cause of the injury is a continuous one, giving rise to successive damages from day to day ....'
A.N. Yiannopoulos, Predial Servitudes, § 63 (1983). (emphasis added).
In the latter case discussed by Professor Yiannopoulos, where the operating cause of injury is a continuous one and gives rise to successive damages, prescription dates from the cessation of the wrongful conduct causing the damage. South Central Bell, 418 So.2d at 533. However, in cases where property has been injured or damaged, and the continuing tort theory is inapplicable, either because the operating cause of the injury is discontinuous or because the damages are not successive, prescription runs from the date that knowledge of such damage was apparent or should have been apparent to the injured party. La. Civ.Code Ann. Art. 3493 (West 1994); South Central Bell, 418 So.2d at 532; Dean v. Hercules, Inc., 328 So.2d 69, 73 (La.1976).
Crump, 737 So.2d at 726.
As suggested in the first appeal of this matter, the City's trespass on the plaintiffs' immovable property continues by virtue of its failure to remove the deposited garbage. This court stated the following:
In the case before us, it is undisputed that the rubbish deposited on the property of the plaintiffs has yet to be removed. Appellees improperly contend that since the landfill stopped receiving *1253 waste in October of 1989, the City's tortious conduct ended at least three years before the plaintiffs filed suit in 1992 and 1993. The rule set forth in South Central Bell clearly applies to the City's conduct of allowing the trash to remain. Our courts have held that debris or other objects placed on another's property constitutes a continuing trespass and prescription does not apply until the offending acts are abated. See Dore v. Jefferson Guar. Bank, 543 So.2d 560 (La.App. 4 Cir.1989); Terral v. Poole, 484 So.2d 227 (La.App. 3 Cir.1986).
Estate of Patout, 708 So.2d at 531.
Thus, we find that the City's trespass continues and that prescription has not begun to run. We again conclude that the trial court erred in granting the defendants' exceptions of prescription.

DISPOSITION
We reverse the trial court's judgment granting the exceptions of prescription as to claims arising after February 23, 1981, and remand this matter for further proceedings consistent with this opinion. We tax all costs against the defendants.
REVERSED AND REMANDED.
NOTES
[1] The individuals who are a part of the Patout group are more specifically identified in Estate of Patout v. City of New Iberia, 01-0151 (La.App. 3 Cir. 6/27/01), 791 So.2d 741.
[2] The October 28, 1996 judgment refers to claims arising after February 23, 1981, while the judgment currently before this court relates to claims arising after February 24, 1981. The one-day discrepancy does not affect the disposition of this appeal.