# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-747


GARY L. MILLER

VERSUS

CONAGRA, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 70,371
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## OSWALD A. DECUIR
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.


**AFFIRMED.**


William P. Crews, Jr.
Attorney at Law
P. O. Box 226
Natchitoches, LA 71458-0226
(318) 356-8001
Counsel for Defendant/Appellant:
    Pilgrim's Pride Corporation

Craig A. Davis
Attorney at Law
111 Mercury
Lafayette, LA 70503
(337) 231-5351
Counsel for Plaintiff/Appellee:
    Gary L. Miller

**Clayton E. Bailey**
**Baker & McKenzie, LLP**
**2001 Ross Avenue, Suite 2300**
**Dallas, TX 75201**
**(214) 978-3000**
**Counsel for Defendant/Appellant:**
  **Pilgrim's Pride Corporation**

**DECUIR, Judge.**

The defendant, Pilgrim's Pride Corporation, as successor corporation to ConAgra Poultry Company (referred to herein as "ConAgra"), appeals the judgment of the trial court holding it liable to the plaintiff, Gary Miller, for breach of contract and violations of the Louisiana Unfair Trade Practices Act (LUTPA), La.R.S. 51:1401 *et seq.* For the following reasons, we affirm.

Miller filed suit on July 22, 1998, seeking damages for breach of a Broiler Production Agreement dated July 23, 1993, whereby Miller agreed to raise broiler chickens for a ten-year period exclusively for ConAgra. In an amended petition filed in February of 2000, Miller alleged that ConAgra's actions constituted unfair trade practices entitling him to damages for both pecuniary and nonpecuniary losses, attorneys fees, and treble damages under state law.

Allegedly as a result of the termination of the contract, Miller was forced to declare bankruptcy, which he did in 1996. After a finding of no assets, a bankruptcy discharge was granted in 1997 and the bankruptcy matter was closed. This suit was filed the following year. After numerous delays, including continuances, pretrial hearings, a writ application to this court, and the initiation of arbitration which was never scheduled because of ConAgra's failure to pay the necessary fees, a bench trial was held in July of 2005.

Essentially, Miller's position was that ConAgra improperly terminated the Broiler Production Agreement after falsely accusing him of stealing chicken feed to give to his hogs. Miller alleged that ConAgra used strong-arm tactics, including the threat of criminal prosecution, to end the ten-year agreement after only six months because of ConAgra's loss of a large scale chicken customer. ConAgra disputed the breach of contract claim, contending that termination of the contract was justified based on Miller's theft of the chicken feed. The trial court found in Miller's favor.

In written reasons for judgment, the court reviewed testimony from numerous witnesses who explained poultry farming and feeding operations, the reclamation of unused chicken feed, and the history of heavy-handedness by ConAgra among local poultry farmers. The court found that ConAgra's defense in this case simply fell apart from a lack of documentary evidence and inconsistent testimony from witnesses. ConAgra was unable to prove not only that Miller stole feed, but also that the contract was terminated because of the alleged theft. The court found that Miller did not steal feed, owned only two hogs, had no incentive to steal feed, and would have lost income from ConAgra's reclamation program had he stolen fresh usable supplies as alleged.

The trial court found ConAgra breached the contract with Miller unfairly, without just cause, and in bad faith. The court also found that ConAgra's tactics violated the LUTPA, rejecting ConAgra's exception of prescription on that issue. The court determined that ConAgra's continuing threats against Miller and repeated refusal to provide the requisite written documentation to terminate the contract constituted continuing violations of LUTPA, thereby preventing the running of prescription. The court assessed pecuniary damages at $559,996.41 and general damages at $75,000.00, which total was trebled pursuant to La.R.S. 51:1409(A). Attorneys fees of $238,497.18 and other costs were also awarded for a total of $2,141,249.10, plus legal interest from the date of judicial demand. The judgment was signed on January 9, 2006.

Immediately following the trial of this matter, and before the judgment was signed, this litigation was rife with activity. ConAgra filed an unsuccessful motion to stay the proceedings. Then, ConAgra removed the case to the United States Bankruptcy Court for the Western District of Louisiana, but the matter was remanded

2

to state court shortly thereafter. Miller's bankruptcy case was reopened, and his claim against ConAgra was declared by consent judgment to be the property of the bankruptcy estate, whose interest was to be determined at a later date. ConAgra unsuccessfully filed a motion to dismiss based on judicial estoppel and an exception of no right of action. After judgment on the merits was signed on January 9, 2006, ConAgra filed a motion for new trial contesting the award of attorneys fees, the applicability of LUTPA, the failure to submit the claim to arbitration, and other complaints. Miller moved to strike the motion and also filed a thorough opposition. ConAgra's motion was denied without a hearing. ConAgra sought to associate new counsel from Texas. The trustee in Miller's bankruptcy case enrolled in the instant suit as a party plaintiff, but he later withdrew when the bankruptcy was converted from a Chapter 7 proceeding to a Chapter 11 proceeding. The trial court, upon motion by Miller, then set the appeal bond at $5,000,000.00, which the defendant excepted to as premature and excessive. Writs were taken to this court and to the supreme court, which resulted ultimately in a $4,000,000.00 bond set on January 30, 2007. This appeal ensued.

1. Jurisdiction, right of action, estoppel

The first issue raised by ConAgra in this appeal is whether Miller is the proper party to bring this suit. ConAgra argues that Miller lacks standing, or in the alternative, has no right of action, and that only the bankruptcy trustee can properly bring this claim. ConAgra also asserts a lack of subject matter jurisdiction arguing that these claims should be brought in federal bankruptcy court. These arguments are based on the previous bankruptcy proceeding wherein Miller's debts were discharged and the bankrupt estate was found to have no assets. Similarly, ConAgra raises the issue of judicial estoppel. Citing *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598 (5th

3

Cir. 2005), ConAgra contends that Miller's failure to list the potential recovery in this tort suit as an asset in his bankruptcy case bars him from pursuing this claim, since the two positions asserted by Miller are intentionally inconsistent.

In the trial court, ConAgra actually abandoned its exceptions in favor of its judicial estoppel argument; we nevertheless briefly address all of these arguments as we find then all to be without merit. We observe first that Miller's bankruptcy was concluded long before the instant suit was filed. There is no indication in the record that Miller was attempting to deceive the bankruptcy court; in fact, the evidence shows that while he had made some inquiries, no lawyer had agreed to take his breach of contract case at the time the bankruptcy was pending. The trial court relied on this fact to conclude that Miller's inconsistent position taken in state court was inadvertent, and we agree. There is, likewise, no indication in the record that Miller attempted to deceive the district court, the defendant, or the attorneys involved in this state court case regarding the fact of his bankruptcy. Indeed, the evidence shows that all parties were aware of the prior bankruptcy. The rules regarding bankruptcy proceedings allow for the later addition of assets to an estate. The post trial motions in the record indicate that Miller's bankruptcy has already been converted to allow for the distribution to creditors of the proceeds of this suit, although ConAgra's continuing litigation ensures that such distribution is still years away. While it is true that Miller, as a bankrupt whose debts have been discharged, is now seeking to collect an award stemming from events which occurred prior to his bankruptcy, it is likewise true that the operation of federal procedural rules ensure an appropriate result. The evidentiary concerns raised by ConAgra are consequently nondecisive. We therefore reject, without further discussion, ConAgra's arguments regarding subject matter jurisdiction, no right of action, and judicial estoppel.

4

## 2. Louisiana Unfair Trade Practices Act

Miller has asserted a cause of action under the Louisiana Unfair Trade Practices Act, which provides in part:

§ 1409. Private actions

A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

The trial court found ConAgra's actions with regard to Miller, an independent contractor, constituted unfair trade practices and awarded damages as allowed by the statute. The trial court found prescription had not yet run because ConAgra's unsubstantiated allegations of theft, continuing threats of criminal prosecution, and consistent refusals to end the contract according to its terms constituted a continuing tort. The court found ConAgra's false accusations and threats against Miller continued to the time of trial, as did its failure to abide by the terms of the contract. Indeed, we observe that ConAgra's characterization of Miller as a chicken feed thief continued post-trial and has persisted in this appeal, although ConAgra was unable to present any reliable evidence at trial to prove its allegations.

In this appeal, ConAgra argues the trial court erred in finding liability under LUTPA because Miller's claims have prescribed under the statute's one year prescriptive period. ConAgra also contests the award of treble damages, suggesting

5

that untimely notification of this claim by the attorney general's office renders the treble damage provision inapplicable.

The prescriptive period for a LUTPA claim is one year. La.R.S.51:1409(E). While some courts have interpreted this period as a peremptive period not subject to suspension or interruption, Miller asserts that this distinction is irrelevant. *See, Glod v. Baker,* 04-1483 (La.App. 3 Cir. 3/23/05), 899 So.2d 642, *writ denied,* 05-1574 (La. 1/13/06), 920 So.2d 238. He argued at trial that whether the period is prescriptive or peremptive, it has not yet begun to run because ConAgra continued, at the time of trial, to violate LUTPA. The trial court agreed and determined that the running of the one-year period was delayed as long as ConAgra's unfair practices persisted.

We agree with this conclusion and with the rationale submitted in *Benton, Benton & Benton v. LPFA,* 95-1367 (La.App. 1 Cir. 4/4/96), 672 So.2d 720, *writ denied*, 96-1445 (La. 9/13/96), 679 So.2d 110, and *Fox v. Dupree,* 633 So.2d 612 (La.App. 1 Cir. 1993), *writ denied,* 94-296 (La. 3/25/94), 635 So.2d 233: "[T]he peremptive period cannot begin to run as long as the alleged violations continue." *Benton,* 672 So.2d at 723. While the *Glod* court may have reached the correct result given its facts, we find the facts of the instant case to be quite different. The alleged unfair trade practices in *Glod* included the enticement of investors in a franchise agreement and the subsequent termination of that franchise agreement. No acts other than appropriate judicial filings occurred after the franchise agreement was terminated. The *Glod* court was correct in finding no continuous unfair trade practices sufficient to extend the one-year period in which the plaintiff could have filed suit. By contrast, in the instant case, the alleged unfair trade practices include repeated accusations against Miller and perpetual threats to bring criminal proceedings against him. The present case is clearly distinguishable from *Glod*. "A

6

continuing tort is occasioned by continual unlawful acts and for there to be a continuing tort there must be a continuing duty owed to the plaintiff and a continuing breach of that duty by the defendant. 54 C.J.S.Limitations of Actions § 177 (1987)." *Crump v. Sabine River Authority*, 98-2326, p. 10 (La. 6/29/99), 737 So.2d 720, 728; *see also, Estate of Patout v. City of New Iberia*, 01-151 (La.App. 3 Cir. 4/3/02), 813 So.2d 1248, *writs denied,* 02-1172, 02-1231 (La. 6/21/02), 819 So.2d 335, 336. Accordingly, we find Miller's suit was timely.

Additionally, we find no error in the trial court's award of treble damages under LUTPA.

3. Arbitration

In this appeal, ConAgra contends the trial court erred in failing to compel arbitration as required by the contract between the parties. Arbitration proceedings were initiated; however, when the requisite fees were not timely paid and no arbitration was scheduled, Miller returned to court and sought to have the case set for trial. Both the trial court and this court on writ application denied ConAgra's request to compel arbitration after the year-long delay caused by ConAgra's refusal to pay the fees. ConAgra has no grounds in this appeal to request further review of those decisions.

4. Judicial interest

ConAgra complains of the trial court's award of judicial interest from the date of judicial demand. In awarding interest from that date, the trial court observed that ConAgra's actions throughout the litigation often served to delay the proceedings. ConAgra argues in this appeal that the plaintiff's actions likewise delayed the proceedings, as did the judicial problems in the Tenth Judicial District Court which resulted in five different judges being assigned to this case at different times.

7

Louisiana Code of Civil Procedure Article 1921 provides for the award of interest in a judgment "as prayed for or as provided by law." In this case, Miller prayed for interest from the date of judicial demand. The trial court abided by that request, and we find no error in that decision. While it is true that some of the delays in these proceedings were beyond ConAgra's control, it is likewise true that ConAgra contributed to the delays in its barrage of motions raising similar issues and its failure to respond timely in the arbitration process. Furthermore, we find the award of interest from the date of judicial demand in this breach of contract case best accomplishes the purpose of such an award:

> "In other words, in cases ex delicto and ex contractu, 'prejudgment interest' is awarded to make an injured party whole by compensating that party for the time-value of money to which that party was entitled from the date set by the legislature, but over which the defendant, in retrospect, had wrongfully continued to exercise dominion and control while the suit was pending." *McLaughlin v. Hill City Oil Company/Jubilee Exxon*, 97-577, p. 18 (La.App. 3 Cir. 10/8/97), 702 So.2d 786, 797, *writ denied*, 97-2797 (La.2/13/98), 706 So.2d 994. In personal injury or contract cases, damages are ascertainable from the date that a person is injured or a contract breached.

*Sullivan v. Sullivan,* 04-334, pp. 5-6 (La.App. 3 Cir. 12/30/04), 892 So.2d 134, 143, *writ denied*, 05-754 (La. 5/6/05), 901 So.2d 1104.

5. <u>Remaining issues</u>

Our review of the record reveals no manifest error in the evidentiary rulings of the trial court nor in the trial court's decision to adopt the findings of the plaintiff's economic expert and award damages based on his conclusions. We also find no merit to ConAgra's belated argument that Miller's claim should fall because his former wife is not a party to this proceeding.

**DECREE**

For the above and foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to ConAgra.

**AFFIRMED.**