838 So.2d 758 (2003)
STATE of Louisiana
v.
Terrence BEDFORD.
No. 2001-K-2298.
Supreme Court of Louisiana.
January 28, 2003.
*759 Frank Sloan, Covington, for Applicant.
Richard P. Ieyoub, Attorney General, Walter P. Reed, District Attorney, Dorothy A. Pendergast, New Orleans, for Respondent.
PER CURIAM:
In August, 1998, a "buy-walk" narcotics operation conducted by members of the Covington, Louisiana, Police Department, led to the arrest of relator for selling two rocks of cocaine to an undercover officer. Detective James McIntosh participated in the back-up surveillance team and subsequently determined by means of a wheeled pedometer that the sale had taken place 921 feet from the Covington Community Center. Respondent was thereafter charged with distribution of cocaine in violation of La.R.S. 40:981.3, which provides enhanced penalties for drug offenses committed within 1,000 feet of school property or of an area owned by the state or its political subdivisions and used for recreational purposes. After trial by jury, respondent was found guilty as charged and sentenced to 15 years imprisonment at hard labor. On appeal, a divided panel on the First Circuit affirmed relator's conviction and sentence, rejecting his argument that the state had failed to prove that the City of Covington in fact owned its Community Center. State v. Bedford, 00-1799 (La.App. 1st Cir.5/11/01), 798 So.2d 333 (Downing, J., dissenting) (unpub'd). We granted relator's application to review the correctness of that decision and reverse.
At stake here is the proper interpretation of La.R.S. 40:981.3, which states in pertinent part:
A.(1) Any person who violates a felony provision of R.S. 40:966 through 970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property,... shall, upon conviction, be punished in accordance with subsection E.
. . .
C. For purposes of this section:
. . .
(2) "School property" means all property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or political subdivision and used or operated as a playground or recreational facility....
(Emphasis added).
In his sole attempt to prove that the state or a political subdivision owned the land at issue, the prosecutor elicited testimony from Detective McIntosh that the community center on the land "is run by the City of Covington. It's a recreation area. There is [sic] a couple of ball fields out there. They use it for, like a playground out there; they use it for kids' sports and things of that nature." A majority on the court of appeal panel found the detective's testimony sufficient to satisfy the requisite ownership element of La. R.S. 40:981.3(C)(2), stating that "[t]he use, operation, or purpose of the property, rather than who or what owns the property, should be the determining factor for violation of the statute, as the goal of La. R.S. 40:981.3 is to protect children from the dangers of drugs by creating a drug-free zone in areas where children frequent." *760 State v. Bedford, 00-1799 at 5, 798 So.2d at ____. Dissenting from that view, Judge Downing argued that ownership of Covington Center had to be proved, not merely inferred "even for the most compelling of policy reasons," and that "[s]o long as Louisiana law makes ownership of the Covington Community Center a provision of the crime charged, ownership must be proven beyond reasonable doubt before the conviction can be upheld." Bedford, 00-1799 at 1, 798 So.2d at ____ (Downing, J., dissenting).
We agree with Judge Downing. In relying on the intent of the legislature instead of the actual language of the statute, the majority on the court of appeal panel virtually read the ownership requirement out of the statute. However, "[i]t is well established that the task of statutory construction begins with an examination of the language of the statute itself.... When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." State v. Barbier, 98-2923, p. 3 (La.9/8/99), 743 So.2d 1236, 1238. A criminal statute requires a genuine construction according to the plain meaning of its language because "[c]ourts are not empowered to extend the terms of a criminal provision to cover conduct which is not included within the definition of the crime." State v. Anders, 01-0556, p. 3 (La.6/21/02), 820 So.2d 513, 514. Further, the legislature is presumed to act with full knowledge of well-settled principles of statutory construction. Monteville v. Terrebonne Par. Con. Gov't, 567 So.2d 1097, 1100 (La.1990); State v. Antoine, 98-0369, p. 6 (La.App. 3d Cir.10/28/98), 721 So.2d 562, 565 (same); see also In re RLV, 484 So.2d 206, 214-15 (La.App. 1st Cir.1986) ("When interpreting a law ... [i]t is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used.") (quoting Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984)).
Holding the prosecutor to the plain language of R.S. 40:981.3 in the present case thus requires that he prove ownership by the state or a political subdivision. The trial court so informed jurors at the close of the case when it instructed them that to find relator guilty of the crime charged, they had to find that "the offense of distribution of cocaine occurred within 1,000 feet of a building or area used or operated as playgound or recreational area owned by the City of Covington." Given the history in Louisiana of cities leasing land from private individuals, see, e.g., Estate of Patout v. City of New Iberia, 01-0151, p. 2 (La.App. 3rd Cir.6/27/01), 791 So.2d 741, 743 (city leased and operated tract of land); Barton Land Co. v. Dutton, 541 So.2d 382, 383 (La.App. 2nd Cir.1989) (same); New Orleans Great Northern Railroad Company, Inc. v. City of New Orleans, 299 So.2d 426, 427 (La.App. 4th Cir.1974) (same), the testimony at trial merely invited jurors to speculate without any evidentiary basis that the City of Covington owned as opposed to leased the Community Center. Under these circumstances, a reviewing court may not conclude that relator's jurors rationally rejected the reasonable hypothesis that the land in question was privately owned and leased to the City of Covington. State v. Lubrano, 563 So.2d 847, 850 (La.1990)(A jury "cannot be permitted to speculate if the evidence is such that reasonable jurors must have a reasonable doubt.")(internal quotation marks and citation omitted).
*761 Accordingly, while we agree with the court of appeal that the dangers drug trafficking pose to the welfare of children remain the same whether a political subdivision owns or merely leases a particular recreational area, we must presume that the legislature chose its words advisedly when it amended La.R.S. 40:981.3 in 1990 "to include certain parks, playgounds, recreational facilities, and recreational areas in such drug free zones ...." 1992 La. Acts. Cf. La.R.S. 33:4552 ("The governing body of any municipality or parish or ward may dedicate and set apart for use as playgrounds, recreation centers, or for other recreation purposes, any lands or buildings owned or leased by the municipality or parish and not dedicated to another and inconsistent public use.") (emphasis added). Any extension of R.S. 40:981.3 to conduct not presently covered by the language of the statute, such as the situation where the state runs or leases the buildings or areas in question, as the legislature provided in R.S. 33:4552 cited above, is a matter for the legislature and not the courts to address.
We therefore vacate the defendant's conviction and sentence for violation of R.S. 40:981.3, and enter a judgment of conviction of distribution of cocaine in violation of La.R.S. 40:967(A)(1). See La. C.Cr.P. art. 821(E) (reviewing court may modify verdict and render judgment of conviction on lesser included responsive offense). This case is remanded to the district court for resentencing.
DECISION OF THE COURT OF APPEAL REVERSED; DEFENDANT'S CONVICTION REDUCED TO DISTRIBUTION OF COCAINE IN VIOLATION OF LA.R.S. 40: 966(A)(1) AND HIS SENTENCE VACATED; THIS CASE IS REMANDED TO THE DISTRICT COURT FOR RESENTENCING.
VICTORY, J., dissenting,
I dissent for the reasons expressed in the majority opinion of the court of appeal.