LOLLEY, J.
 

 hThe defendant, Shedrick Eugene Aex-ander, appeals the judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, where a jury found him guilty as charged. The trial court subsequently sentenced him to serve 15 years’ hard labor for distribution of cocaine, the first 2 years to be served without benefit of probation, parole, or suspension of sentenced; 7½ years’ hard labor for conspiracy to distribute cocaine; and, 5 years’ hard labor for possession of cocaine, the sentences to be served concurrently. For the following reasons, we affirm.
 

 FACTS
 

 In April 2005, a police informant, Her-shell Poole, went to a convenience store in Monroe, Louisiana, to buy crack cocaine from a man named Tony. Poole was wearing an audio device and had $200.00 in “buy money.” Narcotics agents had set up surveillance across the street from the store where they could videotape the transaction.
 

 While at the store, Poole was approached by Marie Leonard who asked what Poole was looking for. Poole indicated he wanted to buy $200.00 worth of crack cocaine. Leonard used a pay phone to set up a transaction that was to take place at her residence located across the street from the store. Poole gave her $100.00 in advance, and Leonard walked across the street to her residence. Next, Aexander arrived at Leonard’s residence, and the money was exchanged for drugs. Leonard crossed the street and gave Poole five rocks of crack cocaine. She returned to Poole for the remaining cash and went back and gave Aexander the $100.00. As Aexander prepared to hand Leonard the remaining drugs, police arrested |2him. Three rocks of crack cocaine and the $200.00 in “buy money” were found on Aexander.
 

 Aexander was charged by bill of information with distribution of cocaine, possession of cocaine, and conspiracy to distribute cocaine-violations of La. R.S. 40:967(A); La. R.S. 40:967(0; and, La. R.S. 14:26 respectively. Following a trial by jury, he was convicted as charged. A presentence investigation report was ordered. Aexander was sentenced to 15 years’ hard labor for distribution of cocaine, the first 2 years to be served without benefit of probation, parole, or suspension of sentence; 7½ years’ hard labor for conspiracy to distribute cocaine; and, 5 years’ hard labor for possession of cocaine, the sentences to be served concurrently. On May 11, 2006, Aexander filed a timely motion to reconsider sentence which was eventually denied. This appeal ensued.
 

 
 *1170
 
 LAW AND DISCUSSION
 

 In his first assignment of error, Alexander argues that the act of distribution of cocaine was the principal method by which he committed the conspiracy to distribute and therefore double jeopardy should have barred “the simultaneous prosecution for the lesser included offense by this individual.” The state argues that it presented evidence of separate and distinct crimes, because distribution of cocaine does not require an agreement of two or more persons for the specific purpose of committing a crime, and. conspiracy to distribute cocaine does not require proof that distribution actually took place.
 

 |3A person cannot twice be put in jeopardy for the same offense. U.S. Const, amend. V; La. Const, art. 1, § 15; La. C. C. P. art. 591;
 
 State v. Knowles,
 
 392 So.2d 651 (La.1980). Louisiana uses both the “Blockburger test” and the “same evidence test” in determining whether double jeopardy exists.
 
 State v. Ceasar,
 
 37,770 (La.App. 2d Cir.10/09/03), 856 So.2d 236. In
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court held that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Louisiana also uses the broader “same evidence” test which dictates that:
 

 If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one.
 

 State v. Steele,
 
 387 So.2d 1175, 1177 (La.1980);
 
 see also State v. Robertson,
 
 511 So.2d 1237 (La.App. 2d Cir.1987),
 
 writ denied,
 
 516 So.2d 366 (La.1988). This test depends on the proof necessary for a conviction, not the evidence that is actually presented at trial.
 
 State v. Knowles, supra.
 

 In
 
 State v. Kelley,
 
 36,602 (La.App. 2d Cir. 01/29/03), 836 So.2d 1243, 1247, where the defendant was convicted of distribution of cocaine
 
 and
 
 conspiracy to distribute cocaine, this court held that double jeopardy did not prohibit the convictions. In so holding, this court reasoned as follows:
 

 |4The offenses of distribution of cocaine and conspiracy to distribute cocaine do not contain identical elements. An individual is guilty of distribution of cocaine when he transfers possession or control of the cocaine to his intended recipient. The state must show (1) delivery or physical transfer; (2) guilty knowledge of the controlled dangerous substance at the time of transfer; and (3) the exact identity of the controlled dangerous substance. Conspiracy to distribute cocaine does not require these elements. To find one guilty of conspiracy to distribute cocaine, the state must show that there existed an agreement or combination of two or more persons for the specific purpose of transferring possession or control of the cocaine to an intended recipient.
 

 [[Image here]]
 

 In the instant case, the same evidence was not necessary for a conviction of both crimes because the crime of distribution of cocaine was completed after the conspiracy to distribute cocaine. (Internal citations omitted.)
 

 In the case at hand, the same reasoning applies. The conspiracy to distribute was completed before the distribution took place. The telephone call from Leonard to Alexander created the necessary agreement, and delivery of the cocaine to
 
 *1171
 
 Leonard’s residence constituted an act in furtherance of the object of that agreement. At this point, the conspiracy was complete. The state showed that there existed an agreement between Leonard and Alexander for the specific purpose of transferring possession or control of the cocaine to an intended recipient, namely Poole.
 

 The act of distribution of cocaine was clearly established with the testimony of Lt. Mike Rowlan, a narcotics case agent, which was corroborated by Poole, the informant. Both witnesses testified that Poole was provided with $200.00 as “buy money” and supplied with audio equipment. Lieutenant Rowlan maintained visual surveillance, as Poole completed the transaction of purchasing the controlled substance. The state | .¡showed a physical transfer by Alexander to- Leonard and then Leonard to Poole. The state also proved that Alexander was aware that the crack cocaine he supplied was a controlled dangerous substance at the time of transfer.
 

 Furthermore, La. R.S. 14:26(A) states in pertinent part that “if the intended basic crime has been consummated, the conspirators may be tried for either the conspiracy or the completed offense, and a conviction for one shall not bar prosecution for the other.” Separate and distinct evidence was presented for both crimes, and the prosecution and conviction for both offenses did not subject the defendant to double jeopardy.
 
 Kelley, supra.
 
 Therefore, we find this assignment of error is without merit.
 

 Next, Alexander argues that the 15-year sentence imposed in this case is grossly disproportionate to the severity of the crime, and serves no useful purpose for this second felony offender. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2d Cir.02/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, Rremand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App. 2d Cir.01/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.03/11/05), 896 So.2d 57 and 2004-2380 (La.06/03/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.06/24/05), 904 So.2d 728.
 

 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467
 
 *1172
 
 (La.01/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App. 2d Cir.01/24/07), 948 So.2d 379.
 

 At the sentencing hearing, the trial court noted that Alexander was 27 years old and this was his second felony offense — he had been convicted of possession of marijuana with intent to distribute in 2001. The trial court also noted that Alexander had a few misdemeanors. Alexander indicated that he started using drugs when he was about 17 and he considered himself |7an addict. The trial court observed that Alexander had three brothers and one sister and came from a good family. The trial court also noted that Alexander had never been married, but had four children by four different mothers. When the trial court asked Alexander why he dropped out of high school in the eleventh grade, he replied, “I fell in with TCCY as a juvenile.” Alexander explained that was for simple robbery.
 

 The trial court obviously took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. Considering his prior criminal record and that Alexander’s sentencing exposure on the distribution charge was 30 years at hard labor, the sentence imposed in no way shocks the sense of justice. Alexander also greatly benefited with the sentences running concurrently. Accordingly, this assignment of error lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, Shedrick Eugene Alexander’s convictions and sentences are affirmed.
 

 AFFIRMED.