STATE of Louisiana

v.

Johnny BEASON

NO. 16–KA–195

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPELLEE, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux, Andrea F. Long, Seth W. Shute, Douglas E. Rushton

COUNSEL FOR DEFENDANT/APPELLANT, JOHNNY BEASON, Jane L. Beebe

Panel composed of Susan M. Chehardy, Robert M. Murphy, and Stephen J. Windhorst

CHEHARDY, C.J.

Defendant, Johnny Beason, appeals his convictions and sentences for distribution of cocaine within two thousand feet of a drug free zone. For the reasons that follow, we vacate defendant's convictions and sentences, render a judgment of conviction on the lesser included responsive offense of distribution of cocaine, and remand for resentencing.

## PROCEDURAL HISTORY

On April 17, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of distribution of cocaine within two thousand feet of a drug free zone, namely, Jesse Owens Playground, violations of La. R.S. 40:967 and La. R.S. 40:981.3. Defendant pled not guilty and proceeded to trial on September 8, 2015. The next day, a unanimous twelve-person jury returned a verdict of guilty as charged on both counts.

On September 11, 2015, the State filed a multiple offender bill of information alleging defendant was a second felony offender. Defendant denied the allegations in the multiple bill, but an adjudication hearing was never held. On September 14, 2015, the district court sentenced defendant on each count to forty-five years imprisonment at hard labor, the first two years to be served without the benefit of probation, parole, or suspension of sentence. On September 21, 2015, defendant filed a motion for reconsideration of sentence, which the record indicates the court did not rule on.[1] Defendant also filed on this date a motion to appeal his convictions and sentences, which the court granted the next day.

Several months later, on February 29, 2016, the State filed a second multiple offender bill of information, again alleging defendant was a second felony offender. Following a hearing on this bill on March 17, 2016, the court adjudicated defendant a second felony offender, vacated his sentence on count one, and imposed an enhanced sentence of sixty years imprisonment at hard labor without benefit of probation or suspension of sentence, to be served concurrently with his sentence on count two. The court also granted that day defense counsel's oral motion to appeal this enhanced sentence. On March 28, 2016, defendant filed a motion for reconsideration of sentence, which the court denied on April 28, 2016. The instant appeal followed.

## FACTS

In October 2014, Detective Ronald Calcagno and Detective Ryan Rivette of the Jefferson Parish Sheriff's Office were investigating drug trafficking at a home located at 429 Upland Avenue in River Ridge, an area reputed for crime and drug

---

1. In light of our ruling herein, the district court's failure to rule on defendant's motion to reconsider sentence is moot.

activity. 429 Upland is "right across the street from" Jesse Owens Playground. Detective Calcagno estimated it was "maybe like one thousand feet" from the playground, while Detective Rivette estimated it was "less than three hundred feet" from the playground.

The detectives' investigation led to a controlled buy with an undercover officer at that location. On October 3, 2014, Justine Campora, the undercover officer, arrived to 429 Upland expecting to meet one person, but another person by the name of "D'Vo" arrived instead. In exchange for $60.00, D'Vo gave Officer Campora a quantity of crack cocaine. On October 6, 2014, Officer Campora returned to 429 Upland, where she again purchased sixty dollars-worth of crack cocaine from D'Vo. Officer Campora approximated that the two buys had occurred "about a half-a-block" from the playground. Video and audio recordings of both buys were introduced into evidence at trial and played for the jury.

Michael Cole and Pamela Williams Cyperian, forensic drug analysts with the JPSO Crime Lab, confirmed that the substances Officer Campora purchased from D'Vo on October 3 and 6, 2014 tested positive for cocaine.

Detective Rivette, through questioning another individual who resided in the neighborhood, learned that "D'Vo" was a nickname for defendant, Johnny Beason. Detective Calcagno confirmed this when a check of defendant's name revealed "D'Vo" as an alias.

After reviewing the video footage of the two buys and obtaining the suspect's name, Detective Calcagno compiled a six-person photo lineup that included defendant. He presented this lineup to Officer Campora on October 13, 2014, who identified defendant as the person from whom she purchased crack cocaine on October 3 and 6, 2014 at 429 Upland Avenue. Officer Campora further identified defendant in open court.

## DISCUSSION

On appeal, defendant raises two assignments of error: (1) the evidence was insufficient to support his convictions; and (2) his sentence is unconstitutionally excessive.

In support of his first assignment of error, defendant argues that the evidence was insufficient to support his convictions because the State failed to prove that Jesse Owens Playground is a drug free zone under La. R.S. 40:981.3.

In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Neal*, 00–0674 (La. 6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); *State v. Mickel*, 09–0953 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, *writ denied*, 10–1357 (La. 1/7/11), 52 So.3d 885.

The directive that the evidence be viewed in the light most favorable to the prosecution requires the reviewing court to defer to the actual trier of fact's rational credibility calls, evidence weighing, and inference drawing. *State v. Caffrey*, 08–0717 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 202, *writ denied*, 09–1305 (La. 2/5/10), 27 So.3d 297. This deference to the fact finder does not permit a reviewing court to decide whether it believes a witness or whether the conviction is contrary to the weight of the evidence. *Id.* As a

result, under the *Jackson* standard, a review of the record for sufficiency of the evidence does not require the reviewing court to determine whether the evidence at the trial established guilt beyond a reasonable doubt, but whether, upon review of the whole record, any rational trier of fact would have found guilt beyond a reasonable doubt. *State v. Jones,* 08–0020 (La. App. 5 Cir. 4/15/08), 985 So.2d 234, 240.

▮ In making this determination, a reviewing court will not re-evaluate the credibility of witnesses or re-weigh the evidence. *Caffrey, supra.* Indeed, the resolution of conflicting testimony rests solely with the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. *See State v. Bailey,* 04–0085 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 955, *writ denied,* 04–1605 (La. 11/15/04), 887 So.2d 476, *cert. denied,* 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005). Thus, in the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. *State v. Dixon,* 07–0915 (La.App. 5 Cir. 3/11/08), 982 So.2d 146, 153, *writ denied,* 08–0987 (La. 1/30/09), 999 So.2d 745.

Defendant was charged with, convicted of, and sentenced for two counts of distribution of cocaine within two thousand feet of a playground, violations of La. R.S. 40:967(A)(1) and La. R.S. 40:981.3(A)(1).

▮ |₅La. R.S. 40:967(A)(1) provides that it is unlawful for any person "knowingly or intentionally ... to ... distribute, or dispense, ... a controlled dangerous

substance ... classified in Schedule II[.]" Cocaine and its derivatives are classified in Schedule II. La. R.S. 40:964. To establish the offense of distribution of a controlled dangerous substance, the State must prove: (1) delivery or physical transfer; (2) guilty knowledge of the controlled dangerous substance at the time of transfer;[2] and (3) the exact identity of the controlled dangerous substance. *State v. Cox,* 44,878 (La.App. 2 Cir. 12/9/09), 26 So.3d 929, 933, *writ denied,* 09–2829 (La. 6/18/10), 28 So.3d 320. A person is guilty of distribution of cocaine when he transfers possession or control of cocaine to its intended recipient(s). *State v. Jones,* 05–840 (La. App. 5 Cir. 3/28/06), 927 So.2d 514, 522.

▮ Here, Officer Campora testified that she purchased crack cocaine on two separate occasions from defendant. This was corroborated by video and audio recordings of both transactions, as well as forensic evidence establishing that the substances Officer Campora purchased from defendant contained cocaine. This evidence was sufficient to convince a rational trier of fact beyond a reasonable doubt that defendant was guilty of distribution of cocaine.

▮ The evidence was insufficient, however, to convince a rational trier of fact beyond a reasonable doubt that defendant distributed cocaine within two thousand feet of a drug free zone in violation of La. R.S. 40:981.3.

La. R.S. 40:981.3 is a sentence enhancement provision for certain drug offenses committed within a specified proximity of

---

**2.** The element of guilty knowledge is satisfied with proof of general intent. *See State v. Brown,* 05–102 (La.App. 5 Cir. 05/31/05), 904 So.2d 805, 808, *writ denied,* 06–1287 (01/26/07), 948 So.2d 159 (holding distribution of a controlled dangerous substance is a general intent crime). General intent is pres-

ent when "there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La. R.S. 14:10(2).

designated drug free zones.[3] Defendant was convicted and sentenced under La. R.S. 40:981.3(A)(1), which authorizes an enhanced sentenced for "[a]ny person who violates a provision of R.S. 40:966 through 970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within two thousand feet of any such property, or while on a school bus[.]"

La. R.S. 40:981.3(C)(2) defines "school property" as:

[A]ll property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks.

Louisiana courts have held that a location's status as a drug free zone is an essential element of the offense under La. R.S. 40:981.3. For instance, this Court upheld a conviction of distribution of cocaine within one thousand feet[4] of Jesse Owens Playground where the State had introduced testimony of a Jefferson Parish recreation department employee that Jefferson Parish owns Jesse Owens Playground and that the playground is used by neighborhood children and local schools for sports. *See State v. Suggs*, 11–64 (La.App.

5 Cir. 12/13/11), 81 So.3d 815, 821, *writ denied*, 12–54 (La. 4/20/12), 85 So.3d 1269.

Similarly, this Court found a police officer's testimony regarding the placement of a "Drug Free Zone" sign on the gym at the Frank Lemon Playground was sufficient evidence for a rational trier of fact to conclude that the playground met the statutory definition of school property as defined by La. 40:981.3(C)(2). *See State v. Jordan*, 02–820 (La.App. 5 Cir. 12/30/02), 836 So.2d 609, 613.

Correspondingly, the Third Circuit vacated a conviction and sentence for possession of cocaine within one thousand feet of a drug free zone because

...no evidence was introduced at trial regarding whether Bunk Johnson was a park or recreational area administered by the Louisiana Office of State Parks, nor was there any evidence that proved the facility is used or operated by the City of New Iberia, a political subdivision of the State, as a playground or recreational facility as required by La. R.S. 40:981.3.

*State v. Edwards*, 06–850 (La.App. 3 Cir. 6/13/07), 963 So.2d 419, 423.

The Louisiana Supreme Court also vacated a conviction and sentence for distribution of cocaine within one thousand feet of a drug free zone because the State failed to prove that the Covington Commu-

---

**3.** La. R.S. 17:405(A)(1) defines a "drug free zone" as:

(a) An area inclusive of any property used for school purposes by any school.

(b) An area within two thousand feet of any property used for school purposes by any school.

(c) A school bus.

(d) Any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility.

(e) Any park or recreational area administered by the state.

(f) Any building owned by any quasi public agency or body as defined in R.S. 24:513(A)(1)(b) and used or operated as a community center.

(g) Any public housing dwelling.

(h) Any area inclusive of any property used for a full-time day care center.

(i) Any area within two thousand feet of any property used for the purposes of a full-time day care center.

**4.** La. R.S. 40:981.3 was amended in 2010 to expand a drug free zone's scope of protection from one thousand feet to two thousand feet. *See* Acts 2010, No. 506, § 2.

nity Center was owned by the state or a political subdivision, as required by La. R.S. 40:981.3. *See State v. Bedford*, 01–2298 (La. 1/28/03), 838 So.2d 758, 759–60. The court found insufficient the testimony from a police officer that the community center on the land "is run by the City of Covington. It's a recreation area. There is [sic] a couple of ball fields out there. They use it for, like a playground out there; they use it for kids' sports and things of that nature." *Id.* at 759. Such testimony "merely invited jurors to speculate without any evidentiary basis that the City of Covington owned as opposed to leased the Community Center." *Id.* at 760. As a result, the court vacated the conviction and sentence for a violation of La. R.S. 40:981.3, entered a judgment of conviction for distribution of cocaine under La. R.S. 40:967(A)(1), and remanded the case for resentencing. *Id.* at 761.

In the present case, the State only offered testimony that the sale occurred near Jesse Owens Playground. It offered no evidence on whether the playground was "school property" within the meaning of La. R.S. 40:981.3. No evidence addressed whether the playground was near, connected with, or used by any school; whether it was owned by the state or a political subdivision and used or operated as a playground or recreational facility; or whether it was an area administered by the office of state parks.

₈Without such evidence, the State failed to prove this essential element of a violation of La. R.S. 40:981.3(A)(1). Accordingly, we must vacate defendant's convictions under La. R.S. 40:981.3, vacate defendant's multiple offender sentence on count one, and vacate his original sentence on count two.

While the evidence was insufficient to support convictions under La. R.S. 40:981.3, as noted above, the evidence was nonetheless sufficient to convince a rational trier of fact beyond a reasonable doubt that defendant is guilty of the lesser included responsive offense of distribution of cocaine under La. R.S. 40:967(A)(1). Therefore, pursuant to our authority provided in La. C.Cr.P. art. 821(E), we render a judgment of conviction on two counts of distribution of cocaine under La. R.S. 40:967(A)(1). *See Bedford, supra.* Because our ruling leaves intact these two felony convictions of distribution of cocaine, we do not disturb defendant's adjudication as a second felony offender. Having vacated defendant's sentences, we pretermit discussion of defendant's second assignment of error.

### DECREE

For the foregoing reasons, we vacate defendant's convictions of distribution of cocaine within two thousand feet of a drug free zone under La. R.S. 40:981.3 and render a judgment of conviction on two counts of the lesser included responsive offense of distribution of cocaine under La. R.S. 40:967(A)(1). We affirm defendant's adjudication as a second felony offender, vacate defendant's multiple offender sentence on count one and his original sentence on count two, and remand this case to the district court for resentencing.

**CONVICTIONS AND SENTENCES VACATED; JUDGMENT OF CONVICTION RENDERED; MULTIPLE OFFENDER ADJUDICATION AFFIRMED; REMANDED FOR RESENTENCING**